JOHN M. SORICH (CA Bar No. 125223)
jsorich@alvaradosmith.com
ROBERT OLIVER (CA Bar No. 180318)
roliver@alvaradosmith.com
JENNY L. MERRIS (CA Bar No. 246088)
jmerris@alvaradosmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
PRESCIENT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIAD SAHAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PRESCIENT, INC., a Florida corporation doing business as PRESCIENT ASSET MANAGEMENT; FEDERAL DEPOSIT INSURANCE CORPORATION, a corporation; and DOES 1 through 100, Inclusive,<br><br>Defendants. | **CASE NO.:** 10-cv-08628-R-E<br><br>**JUDGE:** Hon. Manuel L. Real<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>**TRIAL DATE**<br>**DATE:** July 3, 2012<br>**TIME:** 9:00 a.m.<br>**DEPT:** Dept. 8, 2nd Floor<br><br>**ACTION FILED:** July 7, 2010 |

Defendant Prescient, Inc. ("Prescient") submits its proposed Findings of Fact and Conclusions of Law.

I. **FINDINGS OF FACT**

1. Plaintiff Aviad Sahar ("Plaintiff") resided at the real property located at 6020 Etiwanda St., Tarzana, California (the "Property") as a tenant from December 2005 through January 2012. Testimony of Aviad Sahar on July 3, 2012.

1

**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

3237296.1 -- DN37.2

2.      On January 18, 2008, Real Time Resolutions, LLC ("RTR") took title to the Property by way of a Trustee's Deed Upon Sale which was recorded on January 24, 2008, with the Los Angeles County Official Records as instrument number 20080149107.  Exhibit 85.

3.      On June 17, 2009, Plaintiff commenced an action in the Los Angeles County Superior Court styled *Aviad Sahar v. Real Time Resolutions Properties, LLC et al.,* Case No. LC085908 ("RTR Action").  Testimony of Daniel B. Spitzer on July 3, 2012, and Exhibit 13.

4.      On June 23, 2009, Plaintiff recorded a Notice of Pendency of Action Affecting Title to Real Property (Lis Pendens) with the Los Angeles County Recorder's Office as instrument number 20090941675.  Testimony of Daniel B. Spitzer on July 3, 2012, and Exhibit 14.

5.      On July 14, 2009, an amendment to the Complaint in the RTR Action was filed naming Prescient as a defendant.  Testimony of Daniel B. Spitzer on July 3, 2012 and Exhibit 17.

6.      On October 13, 2009, Olga Velasco, staff counsel for Prescient, sent Daniel B. Spitzer an email correspondence ("October 13, 2009 Email") which stated the following:

> We have reviewed your client's offer based on the FDIC criteria and have the following counter-offer:
> 1. Increase purchase price to $265,000;
> 2. Execution by your client of the attached contract and other documents attached;
> 3. Dismissal of the lawsuit as it relates to all parties.
>
> Testimony of Daniel B. Spitzer on July 3, 2012, Testimony of Olga Velasco on July 5, 2012, and Exhibit 27.

7.      The October 13, 2009 Email string contained language stating: "Counter offers from Prescient Asset Management are valid for 24 hours from the time date stamp on this email transmission.  Acceptance of the counter offer must be in writing in the form of a contract and fully executed by the purchaser and subject to approval

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

of Prescient and FDIC's senior management." Testimony of Daniel B. Spitzer on July 3, 2012 and Exhibit 27.

8. On October 26, 2009, Norm Chess, Asset Manager for Prescient, sent Daniel B. Spitzer an email correspondence containing language stating: "Counter offers from Prescient Asset Management are valid for 24 hours from the time date stamp on this email transmission. Acceptance of the counter offer must be in writing in the form of a contract and fully executed by the purchaser and subject to approval of Prescient and FDIC's senior management." Testimony of Daniel B. Spitzer on July 3, 2012 and Exhibit 30.

9. The Real Estate Purchase and Sale Contract ("FDIC Contract") expressly states at paragraph 20: "AUTHORITY TO EXECUTE: Only an FDIC employee who is an Attorney-in-Fact for the FDIC acting in the capacity stated in Section 1 is authorized by the FDIC to execute this Contract." Testimony of Daniel B. Spitzer on July 3, 2012, Testimony of Olga Velasco on July 5, 2012 and Exhibit 52.

10. The FDIC contract was not executed by the FDIC and the FDIC did not approve the counter-offer which Prescient conveyed to Plaintiff. Testimony of Olga Velasco on July 5, 2012 and Complaint at Exhibit B.

11. Plaintiff and Daniel B. Spitzer, as Plaintiff's agent, knew or should have known that the counter-offer of $265,000.00 was subject to FDIC approval and that the FDIC had to approve the sale of the Property. Testimony of Olga Velasco on July 5, 2012; Exhibits 27, 30-35, 39-46, and 55.

12. A Request for Dismissal of the RTR Action was executed by Plaintiff's counsel on November 30, 2009 and was filed with the Los Angeles Superior Court on December 1, 2009. Testimony of Daniel B. Spitzer on July 3, 2012, Testimony of Aviad Sahar on July 5, 2012, and Exhibit 67.

13. A Notice of Withdrawal of Lis Pendens ("Lis Pendens") was executed by Plaintiff's counsel on November 30, 2009 and was recorded with the Los Angeles County Official Records on December 3, 2009. Testimony of Daniel B. Spitzer on

July 3, 2012, Testimony of Aviad Sahar on July 5, 2012, and Exhibit 69.

14. Plaintiff admits that, prior to the filing of the Request for Dismissal of the RTR Action and the recording of the Notice of Withdrawal of Lis Pendens, he was never informed that the FDIC had executed the FDIC Contract. Testimony of Aviad Sahar on July 5, 2012.

15. There is no evidence of a writing in this matter which references that Daniel B. Spitzer, as Plaintiff's agent, was informed that the FDIC executed the FDIC Contract. Testimony of Daniel B. Spitzer on July 3, 2012.

16. There is no evidence of a writing in this matter which references that Daniel B. Spitzer, as Plaintiff's agent, ever informed anyone that he was told that the FDIC executed the FDIC Contract, after he learned that the FDIC rejected the FDIC Contract. Testimony of Daniel B. Spitzer on July 3, 2012.

17. Plaintiff instructed his counsel to dismiss Prescient from the RTR Action and release the Lis Pendens without first obtaining a copy of a fully executed FDIC Contract, or an indication of a fully executed FDIC Contract. Testimony of Aviad Sahar on July 5, 2012.

18. Olga Velasco did not inform Daniel B. Spitzer that the FDIC Contract had been executed by the FDIC. Testimony of Olga Velasco on July 5, 2012.

19. Plaintiff has not presented any evidence that Prescient did not intend to perform under the terms of the October 13, 2009 email. Testimony of Olga Velasco on July 5, 2012.

20. Plaintiff has not presented any evidence that Prescient knew that the representations in the October 13, 2009 Email was false when it was made, or that the representations were made recklessly and without regard for its truth. There is no evidence that there were false statements contained in the October 13, 2009 Email. Testimony of Olga Velasco on July 5, 2012.

21. Plaintiff admitted that he did not believe that Olga Velasco's representation of a counter-offer of $265,000 to Plaintiff was a false statement.

Testimony of Aviad Sahar on July 5, 2012.

22. Plaintiff admitted that he believed that Olga Velasco's representation of a counter-offer of $265,000 to Plaintiff was a true statement when Olga Velasco made it. Testimony of Aviad Sahar on July 5, 2012.

23. Plaintiff could not have relied on a representation that the FDIC had executed the FDIC Contract when he instructed his counsel to dismiss the RTR Action and release the Lis Pendens because nobody ever told him prior to or on December 3, 2009 that the FDIC had executed the FDIC Contract. Testimony of Aviad Sahar on July 5, 2012.

24. Plaintiff presented no evidence of any damages stemming from the dismissal of the RTR Action and withdrawal of the Lis Pendens. Testimony of Aviad Sahar on July 5, 2012.

25. The Court finds that Olga Velasco of Prescient did not represent to Daniel B. Spitzer, as Plaintiff's agent, that the FDIC executed the FDIC Contract.

26. The Court credits the testimony of Olga Velasco of Prescient and does not credit the testimony of Daniel B. Spitzer, Plaintiff's agent.

## II. CONCLUSIONS OF LAW

1. The Court concludes that Prescient has not made any fraudulent misrepresentation to Plaintiff. *Lazar v. Superior Court,* 12 Cal.4th 631, 638 (1996); *Ach v. Finkelstein* 264 Cal.App.2d 667, 674 (1968).

2. The Court concludes that Plaintiff failed to demonstrate that Prescient did not intend to perform under the terms set forth in the October 13, 2009 Email. *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (2001); *Conrad v. Bank of Am.,* 45 Cal.App.4th 133, 156-57 (1999).

3. The Court concludes that Plaintiff has not demonstrated that Prescient knew that the representations in the October 13, 2009 email were false when they were made, or that the representations were made recklessly and without regard for its truth. 5 Witkin, Summary of Cal. Law, Torts § 800 (10th ed. 2005); *OCM Principal*

1  *Opportunities Fund, L.P. v. CIBC World Mkts. Corp.*, 157 Cal. App. 4th 835, 862-863 (2007).

4. The Court concludes that Plaintiff has not demonstrated "justifiable reliance" as it was not reasonable for Plaintiff to rely on any alleged representation that the counter-offer of $265,000.00 was accepted, by dismissing the RTR Action and withdrawing the Lis Pendens, without first having received a copy of the fully executed FDIC Contract. *Alliance Mortgage Company v. Rothwell* (1995) 10 Cal.4th 1226, 1239; *Seeger v. Odell* (1941) 18 Cal.2d 409, 414; *Rowland v. PaineWebber,* 4 Cal.App.4th 279, 286 (1992); *Rosenthal v. Great Western Fin. Secs. Corp.,* 14 Cal.4th 394, 423 (1996).

5. The Court concludes that the damages Plaintiff seeks resulting from his dismissal of the RTR Action are speculative.

6. The Court concludes that Plaintiff did not plead in his complaint that he suffered any emotional distress, nor did he include a prayer for emotional distress damages, and is therefore not entitled to any such damages.

7. The Court concludes that Plaintiff has not suffered any damages as a result of the actions of Prescient. *See Minnesota Mut. Life Ins. Co. Ensley*, 174 F.3d 977, 982 (2011); *Williams v. Wraxall*, 33 Cal. App. 4th 120, 133 (1995); *Goehring v. Chapman Univ.*, 121 Cal. App. 4th 353, 364 (2004).

8. The Court concludes that Plaintiff is not entitled to recover punitive damages as Plaintiff has not demonstrated that Prescient has been guilty of oppression, fraud or malice. California *Civil Code* § 3294; *Nolan v. National Convenience Stores*, 95 Cal.App.3d 279, 286 (1979).

9. The Court concludes that no officer, director, or managing agent of Prescient had advance knowledge and with conscious disregard, authorized or ratified the acts of oppression, fraud or malice by any of their employees *Civil Code* § 3294(b).

10. The Court concludes that Plaintiff is not entitled to an award of attorney's

fees. *Code of Civil Procedure* §§ 1021 and 1033.5; *Civil Code* § 1717.

11. The Court concludes that Plaintiff has not satisfied his burden of proof on his claim for fraud.

12. In light of the above findings of fact and conclusions of law, the Court finds in favor of Prescient. Judgment is entered in favor of Prescient and against Plaintiff.

13. Plaintiff shall recover nothing against Prescient.

DATED: _July 20, 2012_  _____
Hon. Manuel Real
Judge, United States District Court

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

Sahar v. Prescient, Inc., et al.
LASC –Van Nuys Case No.: LC090390 (removed)
USDC – Central Case No.: 2:10-CV-08628-R -E

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **AlvaradoSmith, 1 MacArthur Place, Santa Ana, CA 92707**.

On July 20, 2012, I served the foregoing document described as **[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW** on the interested parties in this action.

☒  by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

| | |
|---|---|
| Daniel B. Spitzer, Esq.<br>Law Offices of Daniel B. Spitzer<br>16311 Ventura Boulevard, Suite 1200<br>Encino, CA  91436 | T  818.990.9700<br>F  818.990.9705<br>E  dspitzer@spitzeresg.com<br><br>Attorney for Plaintiff |

☒  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**  The foregoing document will be served by the court via NEF.  On July 20, 2012 I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail List to receive NEF transmission at the email address(es) indicated in the attached service list.

☒  (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 20, 2012, at Santa Ana, California.

Michelle E. Ault

---

1
**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**